David Abrams, Attorney at Law
P.O. Box 3353 Church Street Station
New York, New York 10008

United States District Court
District of North Dakota

_____

United States of America ex rel.
TZAC, Inc.,

              Plaintiff-Relator,

        - against -

Education for Just Peace
in Middle East a/k/a United States
Campaign for Palestinian Rights

              Defendant.
_____

**TO BE FILED UNDER SEAL**

Index No.:

**COMPLAINT**



"Our stated goal as an organization is to end the military funding to the State of Israel from the United States."

Ahmad Abuznaid (Executive Director of the US Campaign for Palestinian Rights)

Plaintiff-Relator, complaining of the Defendant by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.     Nature of the Case**

1.     This is a false claims act claim.  The Qui Tam Plaintiff and Relator, TZAC, Inc. ("The Zionist Advocacy Center" or "Relator"), alleges that the Defendant obtained disaster relief by fraudulently representing the nature of its operations.  More specifically, the Defendant is primarily an advocacy organization and therefore categorically ineligible for second-round PPP disaster relief funding.

**II.    Parties**

2.     Defendant Education for Just Peace in Middle East a/k/a United States Campaign for Palestinian Rights ("USCPR" or "Defendant")  is a not-for-profit corporation. As of June 2020, Defendant formally registered to do business in North Dakota and started filing annual reports there.  A copy of USCPR's registration with the State of North Dakota is attached hereto and incorporated herein by reference.

3.      On its web site, USCPR describes its activities as follows:

> USCPR is a political home for all who believe that freedom for the Palestinian people is an integral part of achieving our collective liberation. We provide resources and strategic support to the U.S.-based Palestine solidarity movement, channeling grassroots power into positive change in U.S. policy and public opinion. We work with local organizers and activists, policymakers, movement leaders, media, and advocacy organizations to advance a rights-based, accountability and justice-oriented framework from the U.S. to Palestine.

4.     Indeed, according to Ahmad Abuznaid, the Executive Director of USCPR, the "stated goal" of the organization is to "end the military funding to the State of Israel from the United States."

5.     Relator TZAC, Inc. ("The Zionist Advocacy Center" or "Relator" or "Plaintiff") is a New York business corporation with a principal place of business in the State of New York, County of Delaware.

### III. Compliance With Requirements of Suit

6. This matter has been or will be filed under seal pursuant to 31 U.S.C. Section 3730(b); at or about the same time, a copy of the Complaint and Relator's disclosure of evidence were or will be served on the Department of Justice and the United States Attorney for the District in which this matter is filed.

7. Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

### IV. Jurisdiction and Venue

8. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where the Defendant resides or transacts business. In this case, the Defendant is transacting business in North Dakota as set forth above. To be clear, Defendant's activities in North Dakota are not the basis of personal jurisdiction. Since the False Claims Act is a nationwide service of process statute, it is the Defendant's contacts with the United States as a whole which are the basis for personal jurisdiction. North Dakota is simply the chosen venue.

### V. The Fraudulent Scheme

9. The Defendant received Second Round PPP Disaster Relief as follows:

| Date | Amount | Loan Number | Forgiven |
|---|---|---|---|
| April 29, 2021 | $155,052 | 4450228907 | May 16, 2022 |

10. In order to be eligible for this relief the Defendant had to certify, among other things, as follows:

> The Applicant is not a business concern or entity primarily engaged in political or lobbying activities, including any entity that is organized for research or for engaging in advocacy in areas such as public policy or political strategy or otherwise describes itself as a think tank in any public documents.

11.     At all times relevant to this matter the foregoing certification was completely false in that the Defendant was clearly and primarily engaged in the type of political activities which render persons ineligible for second-round PPP disaster relief.

12.     As a result of its fraudulent certification, USCPR received some $155,052 in funds of the United States which it would not otherwise have received.

## VI.    Cause of Action

13.     The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

14.     The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.,* 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

15.     Thus, the certifications of USCPR violated the False Claims Act because they were false and required for eligibility for Second Round PPP monies.

## VII.   Relief Sought

16.     On behalf of the government, Relator is seeking judgment for  the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

17.      USCPR received some $155,052 in Second Round PPP Relief.  These funds would have been received as a result of the fraudulent certification described above.

[continued on next page]

18.     Accordingly, Relator seeks judgment in the amount of $465,156 against USCPR and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
The Zionist Advocacy Center

P.O. Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated: New York, NY
       August 23, 2022

5